**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                     **4:07CR00375-01-WRW**

**EDDIE LEE PUGH, JR.**

**ORDER**

Pending is Defendant's Motion to Suppress Evidence (Doc. No. 26). The Prosecution has responded (Doc. NO. 28).

Defendant has not requested a hearing in connection with his Motion; rather, both parties agree that the Court can rule on the Motion without a hearing.

For the reasons set out below, Defendant's Motion is DENIED.

**I.    BACKGROUND**

On September 24, 2007, Investigator McGee of the 2nd Judicial Drug Task Force was performing surveillance on Defendant's residence at 3308 Kingsbury, Jonesboro, Arkansas.[1] Investigator McGee knew Defendant lived at the house: because he had observed Defendant there; through confirming vehicles registered to Defendant at the residence; and through previous investigations.[2]

On September 24, 2007, Mr. McGee was investigating activity consistent with drug trafficking that had been reported at Defendant's residence.[3] Around 4:15 p.m., Mr. McGee saw

---

[1] Doc. No. 28.

[2] *Id.*

[3] *Id.*

a black male drive away from Defendant's house in a maroon car; another officer stopped the maroon car for a traffic violation.[4] The officer who made the traffic stop noticed the strong smell of marijuana coming from the car, which was driven by Larry Murphy.[5] Hydro-phonic marijuana (commonly known as "Dro") was found during a search of the car.[6]

Mr. McGee previously confirmed Defendant's phone number through subpoenaed records.[7] Larry Murphy's cell phone had Defendant's phone number stored under the name "Da Dro," and the most recent dialed number from Mr. Murphy's phone was Defendant's.

Mr. McGee asked for a search warrant for Defendant's residence to locate marijuana, items used to package marijuana, and items used to sell marijuana.[8] Mr. McGee based his request on suspicious activity at the house over a period of two months, the fact that Hydro-phonic marijuana was found in Mr. Murphy's car that was seen leaving Defendant's residence, and that Mr. Murphy's telephone showed Defendant's number as the last number dialed.[9]

Defendant asserts that the search warrant was issued based on insufficient and uncorroborated information in the search warrant affidavit, which negated any reasonable finding of probable cause for a search of Defendant's residence. I disagree.

---

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]Doc. No. 28.

[8]*Id.*

[9]*Id.*

## II.     DISCUSSION

"Probable cause has been shown if the warrant application and affidavit describe circumstances showing 'a fair probability that contraband or evidence of a crime will be found in a particular place.'"[10] "The [judge's] determination should be based on practical, common-sense factors, given the totality of the circumstances."[11] A defendant may challenge a supporting affidavit -- and thus probable cause -- by showing that an officer knowingly and intentionally made a false statement, or made a statement with reckless disregard for the truth.[12] Even when no probable cause exists, if it was objectively reasonable for an officer to rely on the warrant in good faith, the *Leon* good faith exception applies.[13]

The Affidavit For Search Warrant is attached to Defendant's Motion.[14] The Affidavit sets out that Mr. McGee received letters with a description of activity believed to be narcotics related taking place at Defendant's residence.[15] The Affidavit notes there is paperwork with Defendant's picture, and statements about 70 cars over two months coming to Defendant's residence, and then leaving after a short stay.[16] The Affidavit also sets out that a black male left Defendant's

---

[10]*United States v. Robinson*, No. 07-3011, 2008 U.S. App. Lexis 165334, at *6 (8th Cir. Aug. 5, 2008) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

[11]*Id.*

[12]*Franks v. Delaware*, 483 U.S. 154 (1978).

[13]*United States v. Leon*, 468 U.S. 897, 922 (1984).

[14]Doc. No. 26.

[15]*Id.*

[16]*Id.*

3

residence in a maroon car, that the car was stopped, marijuana found, and that Defendant's telephone number had recently been dialed from the driver's phone.[17]

The Affidavit provides facts that, when viewed in the totality of the circumstances, suggest narcotics would be found at Defendant's residence. There is no evidence that Mr. McGee's sworn statement was false, or made with reckless disregard to the truth. Based on the facts in the record, probable cause existed for the search warrant to issue. Accordingly, Defendant's Motion is DENIED.

IT IS SO ORDERED this 18th day of August, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[17]*Id.*